IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-065 |
| | ) | |
| EUGENE BRANTLEY, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 13.) The Magistrate Judge recommended Petitioner's § 2241 habeas corpus petition be dismissed because Petitioner failed to exhaust his state remedies. (See doc. no. 11.) Nothing in Petitioner's objections changes this Court's determination that this case should be dismissed without prejudice and closed.

Petitioner argues state remedies are unavailable because he has faced obstacles in filing his state habeas petition. (See doc. no. 13.) He first recounts difficulties obtaining notary services for his state habeas petition, but he concedes he ultimately received these services. (Id. at 1.) He then filed the state habeas petition on April 21, 2025, but the Richmond County Clerk refused to file it on May 9, 2025, because the state petition lacked an attached certified copy of Petitioner's Trust Fund Account Statement. (Id.) Petitioner has repeatedly requested this document from jail staff but, as of May 22, 2025, he has not received it and is thus unable to file his state petition. (Id. at 1-2.) Petitioner contends "the continued denial of access to this necessary document[] is an intentional act by jail officials[] to prevent [] Petitioner from

filing his [s]tate [h]abeas [p]etition," and he should therefore be permitted to proceed with the above-captioned case without first exhausting state remedies. (Id. at 2.)

"[A] court should not require exhaustion if it has been shown 'there is an absence of available State corrective process,' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Moncus v. Jump, No. 2:22-CV-5, 2022 WL 2233156, at *2 (S.D. Ga. May 25, 2022) (citation omitted), *adopted by* 2022 WL 2210061 (S.D. Ga. June 21, 2022); see also, e.g., Crouch v. Jessup, No. 2:24-CV-32, 2024 WL 4394796, at *2 (S.D. Ga. Sept. 9, 2024) (noting "there is no evidence corrective process in the State of Georgia is unavailable" in § 2241 action challenging pretrial detention), *adopted by* 2024 WL 4392379 (S.D. Ga. Oct. 3, 2024)

Here, although Petitioner describes some challenges with filing his state habeas petition, he has failed to demonstrate the available state remedies are absent or other circumstances render the state process ineffective to protect his rights. First, he ultimately received the notary services he needed. (Doc. no. 13, p. 1.) Furthermore, he fails to establish the difficulties he has faced in obtaining a certified copy of his account statement are so preclusive such that they render the state processes unavailable to him. His objections show he has faced delays of weeks, at most about two months, in acquiring this document, and his personal belief he is being intentionally deprived of this document is too speculative. Therefore, because Petitioner's objections confirm he is actively engaged in the process of filing his state habeas petition, the Magistrate Judge's recommendation for dismissal based on Petitioner's failure to exhaust his state remedies remains sound. Moreover, to the extent Petitioner alleges prison staff are not cooperating with his need to obtain a prison account statement as needed for the filing of his state petition, Petitioner should present this allegation to the state court for consideration and seek appropriate relief there.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case filed pursuant to 28 U.S.C. § 2241 without prejudice, and **DENIES** Petitioner's motion for a preliminary injunction, (doc. no. 9), and motion to stay the state court proceedings, (doc. no. 7). Because this case is dismissed, the Court further **DENIES** as **MOOT** Petitioner's motion for issuance of bond, (doc. no. 5), and motion to appoint counsel, (doc. no. 8).

Further, a state prisoner seeking relief under § 2241 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal.") This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case. Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 17th day of June, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA